UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERRY HARKINS, | ) |
| | ) |
|     Petitioner, | )   3:10-cv-00372-ECR-WGC |
| | ) |
| vs. | )   **ORDER** |
| | ) |
| JACK PALMER, *et al.*, | ) |
| | ) |
|     Respondents. | ) |

    This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by a Nevada state prisoner. Before the Court are respondents' motion to dismiss (ECF No. 16), petitioner's motion to amend (ECF No. 35), and petitioner's motion to file additional pages (ECF No. 34).

**I. Procedural History**

    Pursuant to a jury verdict, petitioner was found guilty of murder with the use of a firearm. (Exhibit 77).[1] Petitioner was sentenced to life imprisonment with the possibility of parole after twenty years, and was sentenced to an identical, consecutive term for the use of a firearm. (Exhibit 77). Petitioner appealed his conviction to the Nevada Supreme Court. (Exhibit 78). By order filed

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 17-20.

October 12, 2006, the Nevada Supreme Court affirmed the conviction. (Exhibit 95). Remittitur issued on November 7, 2006. (Exhibit 96).

On November 2, 2007, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 97). Following an evidentiary hearing, the state district court denied the petition. (Exhibits 113 & 119). Petitioner appealed the denial of the state habeas petition. (Exhibit 115). On June 9, 2010, the Nevada Supreme Court affirmed the denial of the state petition. (Exhibit 134). Remittitur issued on July 8, 2010. (Exhibit 137).

Petitioner mailed his federal habeas petition to this Court on June 17, 2010. (ECF No. 8). The petition raises seven grounds for relief. (*Id.*). Respondents filed a motion to dismiss on April 14, 2011. (ECF No. 16). Petitioner filed a response to the motion on July 22, 2011. (ECF No. 31). Respondents filed a reply on August 1, 2011. (ECF No. 32). On September 14, 2011, petitioner filed a motion to amend the petition, along with a proposed amended petition. (ECF Nos. 35, 35-1). Respondents did not oppose petitioner's motion to amend.

**II. Discussion**

In the motion to dismiss, respondents argued, as to the original petition, that: (1) Grounds 2 of and 3 of the petition were unexhausted; (2) Ground 7 of the petition was procedurally barred; and that Grounds 3 and 7 were not cognizable in a federal habeas action. (ECF No. 16). In his response to the motion, petitioner did not oppose the dismissal of Grounds 3 and 7 of the original petition. (ECF No. 31). Petitioner asserted that Ground 2 of the original petition is exhausted because the Nevada Supreme Court considered the claim in its order of October 12, 2006. (*Id.*).

After the filing of the motion to dismiss, petitioner filed a motion to amend and a proposed first amended petition. (ECF No. 35, 35-1). Rule 12 to the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure apply to habeas corpus proceedings "to the extent they are not inconsistent with any statutory provisions of these rules." Rule 15 of the Federal Rules of Civil Procedure provides: "A party may amend its pleading

once as a matter of course within: (A) 21 days after serving it, or (B) if a pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Rule 15 further provides that: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Petitioner did not file his amended habeas petition within 21 days after being served with respondents' motion to dismiss. As such, petitioner must have leave of court to file an amended petition. Fed. R. Civ. P. 15(a)(2). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966); *see also League to Save Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). The Court finds that petitioner has shown good cause for amending the petition. The Court perceives no bad faith or dilatory motive in petitioner's filing of the amended petition.

Moreover, the amended petition cannot be construed as futile. In filing a proposed amended petition along with his motion to amend, petitioner abandoned the grounds for relief in the original petition, except for Grounds 1 and 2. (ECF No. 35-1). As such, the issue of whether Ground 2 is exhausted is the pertinent question at this juncture. In Ground 2 of the amended petition, petitioner asserts that the state district court gave an erroneous jury instruction on self-defense in violation of due process. (ECF No. 35-1, pp. 12-13). In the motion to dismiss, respondents previously argued that Ground 2 is not exhausted because, in his direct appeal brief, petitioner referred only to state law. (ECF No. 16, at p. 5). The Court rejects this argument. If the highest state court considers the merits of the claim, then exhaustion is satisfied. *Cooper v. Neven*, 641 F.3d 322, 331 (9th Cir. 2011); *Green v. Lambert*, 288 F.3d 1081, 1087-88 (9th Cir. 2002); *Chambers v. McDaniel*, 549 F.3d 1191, 1195-97 (9th Cir. 2008). In its order of October 12, 2006, the Nevada Supreme Court addressed the

3

merits of petitioner's claim asserted in Ground 2 of the amended petition, denying relief on petitioner's claim that the district court erred by failing to properly instruct the jury on self-defense. (Exhibit 95, at pp. 21-25). This Court finds that Ground 2 (of both the original and amended petition), petitioner's claim that the state district court erred by failing to properly instruction the jury on self-defense, is exhausted.[2] As such, the inclusion of Ground 2 in the first amended petition does not render the amended petition futile. This action shall proceed on the first amended petition and respondents must file a substantive answer to the same.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 16) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to amend (ECF No. 35) is **GRANTED**. This habeas action **SHALL PROCEED** on the first amended petition (ECF No. 35-1). The Clerk of Court **SHALL FILE** the first amended petition as of the date of its submission, September 14, 2011.

**IT IS FURTHER ORDERED** that petitioner's motion to file additional pages (ECF No. 34), regarding the first amended petition, is **GRANTED.**

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the first amended petition within **thirty (30) days** from the entry of this order. The answer shall include substantive arguments on the merits as to each claim in the first amended petition. **No further motions to dismiss will be entertained**. In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

---

[2] Although not contested by respondents, this Court also finds that Ground 1 of the amended petition was properly exhausted, as the Nevada Supreme Court considered the merits of the claim. (Exhibit 95, at pp. 6-21).

1    **IT IS FURTHER ORDERED** that petitioner shall file his reply to the answer no later than
2  **thirty (30) days** after being served with the answer.

4        Dated this 20th day of December, 2011.

        _____
        UNITED STATES DISTRICT JUDGE

5