1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9   JERRY HARKINS,                          )
                                           )
10           Petitioner,                   )          3:10-cv-00372-ECR-WGC
                                           )
11   vs.                                   )          **ORDER**
                                           )
12   JACK PALMER, *et al.*,                )
                                           )
13           Respondents.                  )
     _____/

14

15          This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by a

16   Nevada state prisoner.  Before the Court is petitioner's motion to amend.  (ECF No. 41).

17   **I.  Procedural Background**

18          Petitioner mailed his original federal habeas petition to this Court on June 17, 2010.  (ECF

19   No. 8).  The petition raised seven grounds for relief.  (*Id.*).  Respondents filed a motion to dismiss the

20   petition on April 14, 2011.  (ECF No. 16).  On September 14, 2011, petitioner filed a motion to

21   amend the petition, along with a proposed first amended petition.  (ECF Nos. 35, 35-1).  The first

22   amended petition contained only two grounds of relief, which were the first two grounds raised in the

23   original petition.  By order filed December 20, 2011, the Court denied the motion to dismiss, granted

24   petitioner's motion to amend, and ruled that this action would proceed on the first amended petition.

25   (ECF No. 36).  On January 18, 2012, respondents filed an answer to the first amended petition.

26

1  (ECF No. 38).  On March 7, 2012, petitioner filed the instant motion for leave to file a second

2  amended petition.  (ECF No. 41).

3  **II. Discussion**

4        In his motion to file a second amended petition, petitioner states that he wishes to reassert the

5  grounds made in his original federal petition (ECF No. 41, at p. 2), and that he wishes to assert the

6  following additional claims:  First, "Petitioner claims 6th and 14th Amendment violations in that

7  state courts allowed false and fraudulent statements to be used causing a fundamental miscarriage of

8  justice in that the petitioner is actually and factually innocent of first degree murder."  (ECF No. 41-

9  1, at pp. 3-5).  Second, "Petitioner's 6th and 14th Amendment rights were violated when [the] state

10  court refused to declare a mistrial when rules and law dictated the necessity for it and when it

11  declared multiple counts of harmful error harmless.  Petitioner now lists the cumulative harmful

12  errors."  (ECF Nos. 41-1, at pp. 5-6).

13        The Court notes that petitioner's document entitled "Second Amended Petition" (ECF No.

14  41-1) should contain all grounds that he wishes to assert in this action.  As a general rule, an

15  amended pleading supercedes prior pleadings and therefore must be complete in itself.  *See Hal*

16  *Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  Instead, petitioner

17  is asserting two grounds in the second amended petition and also asserts the grounds raised in the

18  original federal habeas petition.  In this instance, the Court will excuse petitioner's failure to assert

19  all grounds in a single petition.  The Court construes petitioner's motion to amend (ECF No. 41) as a

20  motion to assert the two grounds in the second amended petition (ECF No. 41-1) and a motion to

21  assert the seven grounds contained in the original federal petition (ECF No. 8).

22        Rule 12 to the Rules Governing Section 2254 Cases in the United States District Courts

23  provides that the Federal Rules of Civil Procedure apply to habeas corpus proceedings "to the extent

24  they are not inconsistent with any statutory provisions of these rules."  Rule 15(b) of the Federal

25  Rules of Civil Procedure provides that: "[A] party may amend its pleading only with the opposing

26

2

1  party's written consent or the court's leave.  The court should freely give leave when justice so

2  requires."  Fed. R. Civ. P. 15(a)(2).  "Under the Rules, the impulse is toward entertaining the

3  broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and

4  remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966); *see*

5  *also League to Save Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

6  In deciding whether to grant leave to amend, federal courts are guided by five factors:  (1) bad faith;

7  (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the

8  party previously amended its pleadings.  *See, e.g. Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re*

9  *Morris*, 363 F.3d 891, 893 (9th Cir. 2004).

10      As to the first factor, the Court perceives no bad faith in petitioner's motion to file a second

11  amended petition. Petitioner explains that he had difficulty accessing the prison law library and he

12  received unsound legal advice from a fellow inmate when he filed his first amended petition, which

13  omitted all claims of the original petition, except Grounds 1 and 2.  (ECF No. 41, at p. 2).  Petitioner

14  states that he abandoned the remaining claims in the original petition based on erroneous information

15  and an inability to conduct legal research.  (*Id.*).  As such, it appears that it is not bad faith that leads

16  petitioner to again seek amendment of his petition.

17      As to the factor of undue delay, respondents argue that permitting petitioner to amend his

18  petition at this late juncture in the case weighs in favor of denying leave to amend.  While delay is

19  relevant to whether amendment should be permitted, it is not a sufficient reason by itself for denying

20  amendment.  *See e.g. Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.

21  1999) ("ordinarily delay alone is not a basis to deny a motion to amend").  Leave to amend has been

22  denied where the petitioner either knew or should have known when drafting the original petition the

23  facts on which the amendment is based, but did not include them in the original petition.  *See Kaplan*

24  *v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).  In the instant case, the Court takes into consideration

25  petitioner's *pro se* prisoner status, his purported difficulties accessing the prison law library, and the

26

3

1    alleged faulty advice petitioner received from a fellow inmate.  These factors must be given due

2    consideration when weighed against the delay in bringing the instant motion to reinstate the claims in

3    the original petition and assert additional claims in the second amended petition.

4         Regarding prejudice to the opposing party, respondents in the instant case do not argue that

5    granting the motion to amend would prejudice them.  Respondents only note that they have already

6    filed an answer to the first amended petition.  With respect to prejudice, the Court notes that

7    respondents are already familiar with the grounds asserted in the original federal petition which

8    petitioner seeks to reinstate.[1]  As such, the Court finds that allowing amendment to reinstate the

9    original petition and allow the second amended petition to be filed will not prejudice defendants.

10        As to the futility factor, the Court cannot say that allowing reinstatement of the grounds in the

11   original federal petition (ECF No. 8) and the additional grounds in the second amended petition

12   (ECF No. 41-1) would be futile.  The Court observes that, in the original petition (ECF No. 8),

13   Ground 1 (challenging the admission of victim's statement to 911 dispatcher) and Ground 2

14   (challenging the jury instruction on self-defense) were claims petitioner raised in his direct appeal to

15   the Nevada Supreme Court and were discussed in the Nevada Supreme Court's opinion filed October

16   12, 2005.  (Exhibits 89 & 95).[2]  The remaining grounds in the original petition were claims petitioner

17   presented in his state post-conviction habeas petition and in his opening brief on appeal from the

18   denial of his state habeas petition.  (Exhibits 97 & 129).  In Ground 3 of the original federal petition,

19   petitioner alleges that the Nevada Supreme Court failed to address three issues presented on direct

20   appeal:  (1) the prosecution failed to rebut petitioner's self defense claim and failed to prove beyond

21   a reasonable doubt all elements of the crime; (2) the district court erred in failing to grant a mistrial

22   _____

23        [1] Respondents asserted arguments regarding the original petition in their motion to dismiss.
     (ECF No. 16).

24

25        [2]  In the order of December 20, 2011, this Court determined that Ground 1 (challenging the
     admission of victim's statement to 911 dispatcher) and Ground 2 (challenging the jury instruction on
     self-defense) are exhausted.  (ECF No. 36, at pp. 3-4).

26

                                        4

resulting from the outburst of the victim's son during trial; and (3) that the prosecution committed misconduct during closing argument.  (ECF No. 8, at p. 7).  These claims were asserted not only in petitioner's opening brief on appeal, but also in petitioner's state post-conviction habeas corpus petition.  (Exhibits 89 & 97).  Grounds 4, 5, 6, and 7 of the original federal petition are claims contained in petitioner's opening brief on appeal from the denial of his state habeas petition and these claims were discussed in the Nevada Supreme Court's opinion filed June 9, 2010, as follows: Ground 4 (alleging trial counsel was ineffective for failing to move for a change of venue); Ground 5 (alleging trial counsel was ineffective for failing to investigate witnesses who could have testified that the victim always carried a knife); Ground 6 (alleging trial counsel was ineffective for failing to conduct an investigation to find the sharp object used by the victim to stab petitioner); and Ground 7 (alleging that the State improperly failed to collect exculpatory evidence).  (Exhibits 129 & 134).

Regarding the final factor, whether the party previously amended its pleadings, the Court notes that petitioner was previously granted leave to file an amended petition.  (ECF Nos. 36 & 37).  As explained earlier in this order, the Court must consider petitioner's assertions that his first motion to amend and first amended petition were submitted based on flawed legal advice from another inmate and that petitioner's limitation on access to the prison law library impeded his efforts.  As such, the motion to reinstate the original petition and the filing of the second amended petition is permissible.

In conclusion, the Court finds that the interests of justice require granting petitioner's motion to amend.  This action shall proceed on the grounds raised in the original federal habeas petition (ECF No. 8) and the additional grounds raised in petitioner's second amended petition (ECF No. 41-1).  Respondents are directed to file an answer to these grounds by way of an answer, as specified at the conclusion of this order.  *See* Rules Governing Section 2254 Cases, Rule 5 ("The respondent is not required to answer the petition unless a judge so orders.") (emphasis added).  In the answer, respondents shall address each ground in the original federal habeas petition (ECF No. 8) and the

1  additional grounds raised in petitioner's second amended petition (ECF No. 41-1) on the merits.  If

2  respondents seek to assert procedural arguments, such arguments shall be included in the answer.

3  **III.  Conclusion**

4         **IT IS THEREFORE ORDERED** that petitioner's motion to amend (ECF No. 41) is

5  **GRANTED.**

6         **IT IS FURTHER ORDERED** that this action **SHALL PROCEED** on the grounds raised in

7  the original federal habeas petition (ECF No. 8) and the grounds raised in the second amended

8  petition (ECF No. 41-1).  The Clerk of Court **SHALL FILE** the second amended petition as of the

9  date of its submission, March 7, 2012.

10        **IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the

11 original petition (ECF No. 8) and the second amended petition (ECF No. 41-1) within **thirty (30)**

12 **days** from the entry of this order.  The answer shall include substantive arguments on the merits as to

13 each ground in the original petition and second amended petition.  Any procedural arguments

14 respondents wish to assert shall be included in the answer.  **No further motions to dismiss will be**

15 **entertained**.  In filing the answer, respondents shall comply with the requirements of Rule 5 of the

16 Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

17        **IT IS FURTHER ORDERED** that petitioner may file his reply to the answer, if any, no

18 later than **thirty (30) days** after being served with the answer.

19        Dated this 16th day of April 2012.

20

21        _____
          UNITED STATES DISTRICT JUDGE

22

23

24

25

26

                                6